**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**IDX INCORPORATED,**

                        **Petitioner,**                **6:12-cv-195**
                                                       **(GLS)**

            **v.**

**STANDING STONE GAMING, LLC,**

                        **Respondent.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PETITIONER:** | |
| Schmeiser, Olsen Law Firm | ARLEN L. OLSEN, ESQ. |
| 22 Century Hill Drive | AUTONDRIA S. MINOR, ESQ. |
| Suite 302 | |
| Latham, NY 12110 | |
| | |
| Speed Law Firm | GARY N. SPEED, ESQ. |
| 111 Center Street, Suite 1200 | |
| Little Rock, AR 72201 | |
| **FOR THE RESPONDENT:** | |
| Menter, Rudin Law Firm | JASON C. HALPIN, ESQ. |
| 308 Maltbie Street | MITCHELL J. KATZ, ESQ. |
| Suite 200 | |
| Syracuse, NY 13204-1498 | |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff IDX Incorporated commenced this action against defendant

Standing Stone Gaming, LLC (SSG) seeking, among other things, to confirm an award of arbitration.  (*See* Dkt. No. 1.)  Pending is IDX's motion seeking leave to file an amended pleading pursuant to Fed. R. Civ. P. 15, (*see* Dkt. No. 8), and SSG's cross motion seeking partial dismissal of IDX's Petition and denial of its motion to amend, (*see* Dkt. No. 13).  For the reasons that follow, IDX's motion is denied, SSG's cross motion is granted, the Petition is granted, and the final award of arbitration is confirmed.

## II. Background

### A.   Facts[1]

IDX, an Arkansas electronics manufacturer, and SSG, a Delaware entity owned by the Oneida Indian Nation that develops and markets software used in the casino gaming industry, entered into an agreement in March 2006.  (*See* Dkt. No. 13, Attach. 2 ¶ 3; Attach. 3 ¶ 3; Attach. 4 at 2.) The agreement provides that disputes and controversies between the parties arising out of or in connection with it shall be submitted to arbitration.  (*See* Dkt. No. 13, Attach. 2 ¶ 3.)  On January 15, 2008, IDX filed a demand for arbitration of a dispute under the agreement.  (*See id.*

---

[1] The court, mindful that several documents have been filed under seal in this matter, provides only limited background and presumes the parties' familiarity with the underlying facts.

2

¶ 4.)  Approximately three years later, a final award of arbitration was issued.  (*See id.* ¶ 6.)

## B.   Procedural History

IDX commenced this action seeking to confirm the arbitration award and "[d]etermine the rights of the parties in accordance with the Final Award and subject to full faith and credit by other courts."  (Dkt. No. 1 at 3.) Thereafter, it sought leave to amend its Petition for the purpose of adding respondents "capable of complying with the Final Award and fulfilling SSG's obligations under the . . . Agreement."  (Dkt No. 8, Attach. 1 ¶ 5; *see generally* Dkt. No. 8.)  Those proposed party respondents, none of whom are signatories to the agreement, are: Turning Stone Resort and Casino, LLC ("Turning Stone"); Oneida Nation Enterprises, LLC (ONE); Ray Halbritter, chief executive officer of ONE; Frank Riolo, chief executive officer of SSG; Rite-Solutions, Inc., a Rhode Island corporation doing business in New York for SSG and Turning Stone; and Robert Charles Angell, a software programmer employed by Rite-Solutions.  (*See* Dkt. No. 8, Attach. 2 ¶¶ 3-8.)  SSG has cross-moved to dismiss the Petition to the extent that it seeks relief beyond confirmation of the final award of arbitration, and opposes IDX's motion seeking leave to file an amended

petition.  (*See generally* Dkt. No. 13.)

## III.  Standards of Review

### A.  Fed. R. Civ. P. 15

The standard of review under Rule 15 is well settled and will not be repeated here.  For a full discussion of the standard, the parties are referred to the courts decision in *Zalewski v. T.P. Builders, Inc.*, No. 1:10-cv-876, 2011 WL 3328549, at *4 (N.D.N.Y. Aug. 2, 2011).

### B.  Fed. R. Civ. P. 12(b)(1) and (6)

The standard of review under Rules 12(b)(1) and 12(b)(6), which are "substantively identical", *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003), are well settled and will not be repeated.  For a full discussion of those standards, the parties are referred to the court's decisions in *Unangst v. Evans Law Assocs., P.C.*, 798 F. Supp. 2d 409, 410 (N.D.N.Y. 2011), and *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), respectively.

## IV.  Discussion

### A.  IDX's Motion For Leave to File Amended Petition

As justification for adding parties that were not signatories to the agreement, IDX contends that "[t]he additional [respondents] are included

as parties to this action so that the Final Award may be enforced and that a miscarriage of justice avoided." (*See* Dkt. No. 8, Attach. 2 ¶ 10.)  Among a host of other arguments, SSG contends that IDX's motion should be denied because the relief sought by IDX is outside of the scope of this action. (*See* Dkt. No. 13, Attach. 4 at 6 n.3.)  The court agrees with SSG on this point.

"Actions to confirm arbitration awards . . . are straightforward proceedings in which no other claims are to be adjudicated.  '[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).  A judge's power in such an action is "narrowly circumscribed and best exercised with expedition."  *Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Pan.*, 312 F.2d 299, 301 (2d Cir. 1963).  Allowing or requiring "a party to join claims to a confirmation proceeding would frustrate the goal of arbitration because the purpose of arbitration, the avoidance of litigation, would be thwarted."  *Am. Centennial Ins. Co. v. Aseguradora Interacciones, S.A.*, No. 96 CIV. 4062, 1997 WL 742530, at *7 (S.D.N.Y.

Dec. 1, 1997).

Here, IDX's proposed amendment exceeds the narrow scope of this action. The addition of the party respondents named by IDX is improper as it would frustrate the very purpose of arbitration. *See Am. Centennial Ins. Co.*, 1997 WL 742530, at *7. Inasmuch as issues beyond the question of whether an award of arbitration should be confirmed are outside of the proper scope of an action such as this, the proposed amendment is futile and IDX's motion is denied. *See Zalewski*, 2011 WL 3328549, at *4 ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").[2]

## B.   SSG's Cross Motion for Partial Dismissal

SSG argues that "any relief beyond confirmation of the Award (which

_____

[2] IDX is not foreclosed, however, from suing the proposed respondents in a separately filed action for the purpose of enforcement to the extent that they are not immune from suit. *See Orion Shipping & Trading Co.*, 312 F.2d at 301 (explaining that a party was not precluded "from bringing a separate action against [another entity that was not a party to the underlying arbitration] to enforce [an arbitration] award"). Of course, the court passes no judgment on the viability of such an action. It should also be noted that any attempt by IDX to seek relief as against SSG, which was not already arbitrated, is, by the terms of their agreement, first subject to arbitration.

[it] does not oppose) is inappropriate and should be dismissed."[3]  (Dkt. No. 13, Attach. 4 at 6-8.)  The court agrees.

For the reasons set forth above, IDX's request for relief other than confirmation of the final award is beyond the permissible scope of this action.  *See supra* Part IV.A.  In addition, IDX's request for a declaration to "[d]etermine the rights of the parties in accordance with the Final Award," (Dkt. No. 1 at 3), appears to be no more than an attempt to avoid the mandatory arbitration clause of the agreement, and, thus, is dismissed. *See Mahant v. Lehman Bros.*, No. 99 Civ. 4421, 2000 WL 1738399, at *3 (S.D.N.Y, Nov. 22, 2000) (explaining that where no claims remain unresolved by the court, "there is no reason to stay-rather than dismiss-[an] action").  Finally, because the parties agree that the final award of arbitration should be confirmed, (*see* Dkt. No. 1 ¶ 13; Dkt. No. 13, Attach. 4 at 1), and no grounds for vacating, modifying, or correcting the award are present, the court hereby confirms the final award of arbitration pursuant to

---

[3] Alternatively, SSG requests that, should any claims survive the court's resolution of the pending motions, a stay be issued and arbitration ordered pursuant to 9 U.S.C. § 3.  (*See* Dkt. No. 13, Attach. 4 at 17-18.) As explained below, dismissal without prejudice is the more appropriate course here where no other claims remain unresolved.  *See Mahant v. Lehman Bros.*, No. 99 Civ. 4421, 2000 WL 1738399, at * 3 (S.D.N.Y. Nov. 22, 2000).

9 U.S.C. § 9.  *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that IDX's motion for leave to file an amended petition (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED** that SSG's cross motion to partially dismiss the Petition (Dkt. No. 13) is **GRANTED** to the extent that it seeks to dismiss any claim for relief beyond confirmation of the final award of arbitration; and it is further

**ORDERED** that the Petition (Dkt. No. 1) is **GRANTED** and the arbitration award is **CONFIRMED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 16, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

8